UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TRAVIS M. ROBERTSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAPTAIN STONEY LOVE, ) <br> ROBBIE GOINS, ) <br> LT. MALLORY CAMPBELL, ) <br> SGT. KATIE WILSON, and ) <br> CPL. WELLS, ) <br> ) <br> Defendants. ) | No..: 3:21-CV-347-TAV-HBG |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate in the custody of the Tennessee Department of Correction ("TDOC"), has filed a pro se civil rights action against Defendants for alleged violations of 42 U.S.C. 1983 [Doc. 4], along with a motion for leave to proceed *in forma pauperis* in this cause [Doc. 3]. The Court will address Plaintiff's motion prior to screening his complaint in accordance with the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A.

## **I.   MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from the motion for leave to proceed *in forma pauperis* and supporting documents that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 3] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market

Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.  SCREENING OF COMPLAINT

### A.  Plaintiff's Allegations[1]

Plaintiff maintains that while housed at the Campbell County Jail, he was denied an opportunity to press charges on someone who stole his vehicle and sold it while Plaintiff was incarcerated, and that Defendants ignore his various grievances and requests [Doc. 4 p. 3-4]. Plaintiff contends TDOC inmates do not get the proper amount of "good days," and that they are denied access to programs and jobs while at the Campbell County Jail [*Id*. at 4]. Plaintiff also asserts that he is subjected to the following unconstitutional conditions of confinement and violations of TDOC regulations: (1) food served to inmates

---

[1] Plaintiff submitted an amended complaint with his motion to proceed *in forma pauperis* [Doc. 4]. Because "[a]n amended complaint supersedes an earlier complaint for all purposes[,]" *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013), the Court considers only the allegations raised in the amended complaint.

is served at a temperature that is a "hazard zone for bacteria growth"; (2) food served does not equal 2,000 calories per day as set by the menu; (3) mats are not up to the TDOC regulations in length and thickness; (4) there "is black mold growing in the duct work"; (5) TDOC inmates are housed with County inmates; (6) some kitchen workers have Hepatitis C; (7) showers are not maintained; (8) video surveillance cameras do not record; and (9) the intercom system does not work [*Id*. at 4-5].

By way of relief, Plaintiff asks the Court to award him the value of his vehicle that was stolen and transfer him to another facility where he "can get the same benefits as every other TDOC inmate" [*Id*. at 6].

**B.    Standard**

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

3

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### C. Analysis

#### 1. Theft of Vehicle/Prosecution of Perpetrator

The decision whether to initiate criminal prosecution belongs to the prosecutor, and private citizens have no legal interest in the investigation or prosecution of a crime. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996) (noting the absence of law allowing a § 1983 action to force the state to prosecute). Therefore, Plaintiff has no constitutionally protected

4

interest in prosecuting the individual(s) who stole his vehicle, and his allegation that Defendants have failed to help him do so fails to raise a constitutional claim.

Moreover, to the extent Plaintiff alleges that he should be compensated for the theft of his vehicle due to Defendants' actions, the Court finds that constitutional principles are not violated when a State employee randomly deprives an individual of property, provided that the State makes available a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). Tennessee law provides for the recovery of personal property. *See McQuiston v. Ward*, No. 2001-201-COA-R3-CV, 2001 WL 839037, at * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201). Plaintiff has not pled that Tennessee's post-deprivation procedures are inadequate for redressing the alleged wrong as is necessary to sustain a § 1983 claim regarding the theft of his vehicle. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). This claim will be dismissed.

### 2. Grievances/Requests

Second, the Court finds that, to the extent Plaintiff complains about the denial of response to his prison grievances or requests, such an allegation fails to raise a constitutional claim. Inmates have no constitutional right to a grievance procedure, and they therefore have no interest in having any such grievances resolved. *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v.*

5

*Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Moreover, supervisory Defendants cannot be held liable for merely failing to act upon Plaintiff's grievances, as "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Accordingly, this claim will be dismissed.

### 3. Placement in Campbell County Jail

Third, Plaintiff asserts that his incarceration in the Campbell County Jail, as opposed to a TDOC facility, prevents his right to work, participate in programs, and receive sentencing credits. To raise a cognizable constitutional issue regarding these claims, Plaintiff must demonstrate that these interests are protected by the Due Process Clause. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish one of these interests at stake."). However, the Court finds Plaintiff has no right under constitutional or Tennessee law to earn sentencing credits. *See Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992); Tenn. Code Ann. § 41-21-236(a)(2). Accordingly, Plaintiff's allegation that he is denied the opportunity to earn sentencing credits at the Campbell County Jail fails to state a constitutional claim.

Additionally, prisoners possess no constitutional right to educational, vocational, or rehabilitative privileges. *See, e.g., Martin v. O'Brien*, 207 F. App'x 587, 590 (6th Cir.

2006) (holding "a prisoner does not have a constitutional right to prison employment or a particular prison job"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."). Therefore, Plaintiff's allegation that he is denied these privileges fails to state a constitutional claim.

To the extent Plaintiff contends that his rights have been violated because he has not been shipped to a TDOC facility, the Court finds that Plaintiff has no liberty interest in either his housing placement or security classification, *see, e.g., Montanye v. Haymes*, 427 U.S. 236, 242 (1976), and any delay in transferring Plaintiff to a TDOC facility neither raises a constitutional issue nor warrants the Court's intervention. *See McCord v. Maggio*, 910 F.2d 1248, 1250 (1990) (holding prisoner housing is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances).

### 4. Conditions at Campbell County Jail

Plaintiff maintains that the Campbell County Jail fails to follow TDOC regulations, and that his placement in that facility violates his rights. However, allegations of regulatory violations are insufficient to impose liability under § 1983. *See, e.g.*, *Stanley v. Vining*, 602 F. 3d 767, 769 (6th Cir. 2010) (stating that "[i]t has long been established that violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983"). Therefore, the Court considers Plaintiff's conditions-of-confinement claims under the relevant constitutional standards.

7

The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing shelter, and medical care," and "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). This right is one to "humane conditions of confinement." *Id*. A claim asserting the denial of this right is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" risk to health or safety; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that risk. *Id. at* 834. Negligence is insufficient to establish liability; deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839-40). Therefore, to establish an official's liability, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

It is well settled that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). As such, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Rather, only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" violate a prisoner's rights under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992) (citations and quotations omitted). Accordingly, in examining such claims, a court must determine whether the risk

8

of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Rhodes*, 452 U.S. at 347.

Nothing in Plaintiff's amended complaint suggests that the conditions at the Campbell County Jail impose an unreasonable risk to his health or safety, nor does he allege that he has personally been harmed by any of the conditions to which he has been allegedly exposed. His conclusory allegations fail to raise Plaintiff's right to relief above a speculative level, and therefore, they fail to state a claim. *See Twombly*, 550 U.S. at 555, 570. These claims will be dismissed.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even with liberal construction, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE